[1] *Lancaster City Annexation Case (No. 1)*, 374 Pa. 529; *Lancaster City Annexation Case (No. 2)*, 374 Pa. 537.

Lancaster City Annexation Case (No. 4).

544

Argued May 26, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ. Appeal, No. 205,

reargument refused July 21, 1953.

*Bernard M. Zimmerman,* City Solicitor, with him *John B. Rengier,* Assistant City Solicitor and *Windolph & Johnstone,* for appellant.

*William B. Arnold,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, June 26, 1953:

Tract "A", located in Manheim Township, is contiguous to the City of Lancaster. Tract "B", also in Manheim Township, is contiguous to "A", but not to the City of Lancaster. In such a situation the owners of Tract "B" may not successfully petition for annexation to Lancaster. But if the owners of "A" successfully petition for annexation, may the owners of "B", while an appeal from the "A" annexation is pending, legally seek annexation on the basis that contiguity has been gained through "A"? That is the question in this case. The Court of Quarter Sessions of Lancaster County decided against the "B" annexation. If the owners of

"B" tract, actually Elmer L. Esbenshade and Frances E. Esbenshade, had joined in with the Armstrong Cork Company, owners of the "A" tract, no question of lack of contiguity could have arisen because "A" and "B" would be connecting links of the same chain. Of course, if the petition for the annexation of the Armstrong Cork Company tract had failed for any reason at all, the Esbenshade tract could not be attached to Lancaster because it would then have lacked juxtaposition to the boundaries of the City.

The ordinance annexing the Armstrong Cork Company tract was passed on September 16, 1952, the same day that the Esbenshade petition for annexation was presented. The ordinance annexing the Esbenshade tract was passed September 23, 1952. Considering the two ordinances together, we have two pieces of unbroken land physically joined to the City of Lancaster. "While the general rule is that land cannot be annexed to a city or town unless it is contiguous thereto, it is not necessary that each and every tract of land sought to be annexed shall be contiguous to the municipality. If all of the tracts are contiguous to each other, and one of them is contiguous to or adjoins the city, that is sufficient." (62 A.L.R. 1011, p. 1016.)

In Case No. 3[1] of this series of 5 cases, we affirmed the annexation of the Armstrong Cork Company tract to the City of Lancaster. The electro-magnet of inter-contiguity now firmly attaches the Esbenshade tract to Lancaster also.

The order of the court below is therefore reversed, and the ordinance annexing the Esbenshade tract to the City of Lancaster is affirmed. Costs on the appellees.

---

[1] *Lancaster City Annexation Case (No. 3)*, 374 Pa. 542.