## Lancaster City Ordinance No. 28-1957

*Charles W. Eaby*, for petitioners.

*Louis S. May*, contra.

WISSLER, P. J., March 21, 1958.—On October 31, 1957, L. M. Layman presented to the City of Lancaster

his petition alleging that he is the owner of certain premises in Lancaster Township, Lancaster County, known as no. 928 Columbia Avenue, adjacent and contiguous to the City of Lancaster and presently lying within Lancaster Township, and is desirous of having it annexed to the City of Lancaster.

The City of Lancaster on December 31, 1957, adopted ordinance no. 28-1957 annexing to the city premises no. 928 Columbia Avenue owned by petitioner, L. M. Layman, and said ordinance was certified and filed in this court on January 6, 1958.

The Board of Supervisors of Lancaster Township on January 13, 1958, filed a complaint under section 3 of the Act of July 20, 1953, P. L. 550, 53 PS §67503, averring, inter alia, that the area or land included in said petition for annexation was not at the time of the approval nor at the time of the adoption of the ordinance, or certification thereof to this court, and is not at the present time contiguous to lands which are within the boundaries of the City of Lancaster and, therefore, the purported annexation is ineffectual and the proceedings are a nullity, and asked that the annexation proceedings be dismissed and, in the alternative, if the court will not grant the relief prayed for then the court was to appoint a board of commissioners as a fact finding body as provided by section 3 of said act.

There is no dispute that the survey prepared by J. Haines Shertzer, city engineer, attached to the petition for annexation, shows that the present Lancaster City and Lancaster Township line passes through the dwelling house of no. 926 Columbia Avenue and which is only partially within the present city limits and that the city line is 6.87 feet east of the most easterly point on the boundary line of property no. 928 Columbia Avenue, proposed for annexation.

The answer of petitioner avers, inter alia, as follows: "(5) 926 Columbia Avenue is wholly within the present limits of the City of Lancaster, is assessed at $2,500.00 by the assessor of the Eighth Ward of the City of Lancaster and the owner pays city taxes; . . . and (6) 926 Columbia Avenue is not assessed in Lancaster Township and has not been assessed in Lancaster Township for many years last passed."

The contention of petitioner as based on his answer is that by the owner of no. 926 Columbia Avenue paying his taxes in Lancaster City, his property would be contiguous to that of no. 928 Columbia Avenue, owned by petitioner. This contention is evidently based on The General County Assessment Law of May 22, 1933, P. L. 853, art. IV, sec. 413, 72 PS §5020-413, which is as follows:

"Whenever the dividing line between any township and city or borough, or between any two townships, as now or may be hereafter located, shall pass through the mansion house of any tract of land, the owner of the land so divided may choose, as the place of residence of its occupants, either of the townships or the borough, by a written notice of his election to the commissioners of the county. A choice once so made shall be binding on the owner and occupiers of such mansion house and on future owners thereof. In case of the neglect or refusal of the owner of such land to make an election as aforesaid, the persons occupying said mansion house shall be regarded as residing wholly within the township, and the elected or appointed assessors of such township shall, in such case, or when he elects to reside in the township, assess therein such persons, and all the tract of land on which such mansion house is erected."

There is nothing in the present record showing that the owner of property no. 926 Columbia Avenue made the election as provided by said act, but assuming that

such an election was made the question would still remain whether such an election would change the actual city township boundary line.

It is quite evident that this act was intended to give the owner of land where the dividing line passes through the mansion house of any tract of land the right to choose his place of residence and was primarily intended for assessment purposes, and to give the owner the choice of determining in what municipality he desired to be taxed. By the very use of the phrase "dividing line," the legislature recognized that the boundary line remains fixed. If the legislature had intended to have this enactment in question change the actual boundary line, it could very easily have so stated. In ascertaining the intention of the legislature in the enactment of a law, it is presumed that the legislature does not intend a result that is unreasonable, and intends to favor the public interest as against any private interest: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552.

This brings us then to the question, can petitioner successfully petition for annexation when the city line is admittedly 6.87 feet east of the most easterly point on the boundary line of his property. Owners of land noncontiguous to the city cannot successfully petition for annexation unless the owners of land separating the noncontiguous land from the city join in the petition: Lancaster City Annexation Case (No. 4), Ordinance No. 20-1952, 374 Pa. 543.

The instant case seems clearly to be governed by the Lancaster City Annexation Case (No. 5), Ordinance No. 27-1952, 374 Pa. 546, where it was held that township land was not "contiguous" to, and was not subject to annexation by, a city when it was separated from the existing city boundary by half the width of the bed of a township highway, and when no

part of the highway was included in the description of the tract to be annexed.

And now, March 21, 1958, for the foregoing reasons the court dismisses the petition of L. M. Layman for annexation of property no. 928 Columbia Avenue, Lancaster Township, Lancaster County, and declares ordinance no. 28-1957 null and void.